UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| HARVEY E. TAYLOR, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 3:12-cv-00283 |
| | ) | Judge Sharp |
| JAMES R. MILLER, | ) | |
| Respondent. | ) | |

## **M E M O R A N D U M**

The court has before it a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. (Docket No. 1). The petitioner, proceeding *pro se*, is an inmate at the Charles Bass Correctional Complex in Nashville, Tennessee.

**I.    Introduction**

According to the petitioner, on August 20, 2009, he pled guilty to rape in Davidson County Criminal Court in Nashville, Tennessee. (Docket No. 18 at p. 3). The petitioner was sentenced to twelve (12) years imprisonment. (*Id.*)

According to the petitioner, he did not seek a direct appeal of his conviction or sentence. (*Id.* at p. 4). However, it appears that the petitioner may have filed a petition for state post-conviction relief on July 30, 2010. (*Id.* at p. 1). It is unclear whether any court has issued a ruling on the petitioner's state petition for post-conviction relief.

**II.    Standard for Preliminary Review of Section 2254 Cases**

Under Rule 4, Rules – Section 2254 Cases, the Court is required to examine § 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached

1

exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to *habeas corpus* relief, then the "the judge must dismiss the petition . . . ." *Id*.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §§ 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

### III.  Preliminary Review of Petition

In this case, the court's preliminary review under Rule 4, Rules – Section 2254 Cases reveals a potential deficiency with the petitioner's § 2254 petition: the petitioner may not have fully exhausted the state court process at this time.

2

The law is well established that a petition for federal *habeas corpus* relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. *Cohen v. Tate*, 779 F.2d 1181, 1184 (6th Cir. 1985). This exhaustion requirement springs from consideration of comity between the states and the federal government and is designed to give the state an initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971). This means that, as a condition precedent to seeking federal relief, a petitioner's claims must have been fairly presented to the state courts. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Once the federal claims have been raised in the state's highest court, the exhaustion requirement is satisfied, even if that court refuses to consider them. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990).

The burden of showing compliance with the exhaustion requirement rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)(overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)); *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987).

Here, it appears that the petitioner's state post-conviction has been filed but not yet decided. (Docket No. 18 at p. 1). The petitioner states that "[t]his post-conviction relief petition has been going on for over 20 months, with a number of hearing[s] scheduled and cancel[led]." (*Id.* at p. 2). If the petitioner's state court petition for post-conviction relief is, in fact, still pending, a federal petition for writ of *habeas corpus* would be premature at this time.

Acknowledging that the prisoner is proceeding *pro se*, the court will grant the petitioner thirty (30) days to clarify whether his state court petition for post-conviction relief is pending and, if it is, why the instant petition should not be dismissed for failure to fully exhaust the state court process prior to filing in federal court.

**IV. Conclusion**

After conducting a preliminary review of the petitioner's § 2254 petition under Rule 4, Rules – Section 2254 Cases, it appears that the petition should be dismissed for failure to exhaust state court remedies. However, the petitioner will be given thirty (30) days to show cause why his petition should not be dismissed for that reason.

An appropriate order will be entered.

_Kevin H. Sharp_
Kevin H. Sharp
United States District Judge